ALBANY,
October 1823.

MUMFORD
v
STOCKER.

(*b*) Vid. *Se-
rially* v. *Wells,
ante,* 196.

---

MUMFORD *against* STOCKER.

THE *cap. ad. resp.* was returnable at *August* term, 1822, and the defendant holden to bail for the amount of the *ac etiam*, which was $674,44, and special bail was put in accordingly. A declaration was filed, a rule to plead entered, and a copy, with notice of the rule, served on the defendant's attorney, the 24*th* day of *April*, 1823. The declaration contained one count in debt, for $774,44, on a judgment of this Court ; and another count, in debt, for $100, for work and labour. *May* 28*th*, the plaintiff filed an amended declaration, and entered the usual rule to plead, but no rule had been entered allowing the amendment. This amended declaration was served on the defendant's attorney, with notice of the rule, *May* 30*th*, 1823. The amendment was by changing the first count into one for $674,44 debt, and $23,65 costs, on a judgment in the *Seneca* Common Pleas ; and the second count into one for $76,35, for work and labour, &c. The defendant disregarded the amended declaration, and pleaded to the first declaration, payment and satisfaction to the first count, and *nil debet* and the statute of limitations to the other. These pleas were served upon the plaintiff's attorney, *June* 21, 1823. *July* 5*th*, thereafter, the plaintiff entered the following rule :

*The defendant has no right to move for judgment as in case of nonsuit, till all the pleadings in the cause are carried to an issue. The defendant cannot move to se aside the proceedings for variance, between the amount in the ac etiam, and the declaration; Especially, after he has pleaded to the declaration thus varying from the ac etiam, though it be afterwards amended, and the same objection exist against the amended declaration. Whether special bail may move to*

be discharged on this ground, and if so, at what stage of the cause ? Quere.
Whether, under such a rule, the plaintiff may amend by adding a new count ? Quere.
Form of rule for a default, for want of a plea.
It seems, that special bail are liable only to the amount in the *ac etiam.*
Form of the rule to amend a declaration under the 8th general rule of *April* term, 1796.
This need not specify the particulars in which the amendment is to be made :
But may be general, that the plaintiff have leave to amend the declaration on file, without saying how.

ALBANY,
October, 1823.

MUMFORD
v.
STOCKER.

"On motion of Mr. *Foot,* plaintiff's attorney, ORDERED, that the plaintiff have leave to amend the declaration filed in this suit."

An amended declaration, the same as the second above mentioned, except that the first count was for $670,65, instead of $674,65, was then filed, the rule to plead entered, and notice, with a copy of the declaration thus amended, served on the defendant's attorney, the 10*th* of *July.* Of this he took no notice, and a default for want of a plea was entered on the 7*th* day of *August* following, thus :

"On filing affidavit, and on motion of Mr. *Foot,* attorney for plaintiff, ordered, that the default of the defendant for want of a plea to the amended declaration be entered."

There was no default entered upon the rule to reply.

On an affidavit of the above facts, and of a meritorious defence, it was moved to set aside the default, &c. for irregularity ; and for judgment as in case of nonsuit, because the plaintiff had not proceeded to trial according to the course and practice of the Court.

*J. S. Tallmadge,* for the defendant.

*L. C. Foot,* for the plaintiff.

*Curia.* It is a sufficient answer to the motion for judgment as in case of nonsuit, that no issue appears to have been taken on the special pleas.

In support of the motion to set aside the default for want of a plea, it is insisted, that the debt in the declaration varies in amount from the *ac etiam,* but we cannot listen to such an objection from the defendant, at any stage of the proceedings. It is very doubtful, whether even the bail would be heard on their motion to be discharged for the variance. They could suffer no injury, as they would probably not be liable beyond the sum in the *ac etiam.*(a) We have examined the case in *Term Reports,*(b) to which the counsel referred us, and it is clear against the objection, as coming from the defendant ; and it is enough that the bail do not move.

(a) *Vid. Tidd,* 235, *R. E.* 5 *Geo.* 2. *Reg.* 2. *Lofft,* 545. *Doug.* 330. 8 *T. R.* 28-9. 1 *East,* 90.
(b) *Turing* v. *Jones,* 5 *T. R.* 402.

The defendant's attorney was right in disregarding the second declaration ; for no rule to amend had been entered. He pleaded several pleas to the first declaration, some of them special ; and before any default, for not replying, was entered, the plaintiff's attorney took his rule to amend, and filed and served a third declaration, with notice of the rule to plead, upon which the default was taken, the defendant's attorney relying upon this also as irregular. It is supposed to be so, upon two grounds ; one, because the rule did not specify the particulars in which the amendment was allowed ; the other, that a new count was added to the declaration. The 8th rule of *April* term, 1796, provides that the plaintiff may, at any time before the default for not replying shall be entered, if the plea shall be a special plea, amend the declaration. This is of course, and without costs. The second declaration did not stand in the way. It was irregular, and properly treated as a nullity by both parties. No default for not replying was entered, and the plaintiff was in season with his rule. We do not think it necessary that this rule should specify the proposed amendments. He may amend his declaration in whole, or in part, as he chooses. It is distinguishable from a special application to amend, where the motion may be successfully opposed, or various terms imposed according to circumstances, and the nature of the amendment sought. The third declaration was served within 20 days after the pleas received, and before the default for not replying was entered, so that the amendment was in time, either within the 8th or 9th rules of *April* term, 1796 ; that is to say, whether the defendant had pleaded special pleas or the general issue.

It is not necessary to say, whether the plaintiff may, or may not add a new count by way of amendment ; for he has not attempted this. He has merely altered his first count. The default is regular ; but as there is an affidavit of merits, we set it aside on payment of costs.

Rule accordingly.